### CUNDIFF VS ORMS.

1. The act of Congress, granting pre-emption rights to settlers on the public lands, approved twenty-ninth May, eighteen hundred and thirty, declares that all assignments and transfers of the right of pre-emption under it, given prior to the issuance of patents, shall be null and void:—therefore, an agreement made by a grantee previous to procuring his patent, to convey a part of the lands acquired by such patent to a co settler being void, cannot be received as evidence against the patentee, in an action to try titles brought by the patentee against such co-settler, to recover the part of lands granted, occupied by him.

2. But if the agreement had been posterior in date to the supplementary act of eighteen hundred and thirty-two, which repealed the inhibition of the right to make transfers and assignments, the case might be different.

3. Parol evidence is admissible to prove the lines as well as the part of the land occupied by a defendant, and a plat of the land may be used by the witness either to refresh his memory —or as a *memorandum* if made by himself—or to make his testimony more intelligible to the jury.

4. A surveyor may not only prove his survey, but give parol evidence explanatory of it.

Error to the Circuit court of Jackson county.

This was an action of trespass to try titles, instituted by Orms against Cundiff, in the Circuit court of Jackson county. The plea was, not guilty ; and under it, a verdict was rendered in favor of the defendant. Pending the trial of the cause, the defendant filed his bill of exceptions, which stated, that plaintiff read to the jury without objection, certain two patents conveying to him and to his heirs, in consideration that full payment had

Cundiff *vs.* Orms.

been made by him according to the provisions of the act of the Congress of the United States, the west half of the north west quarter of section eight, township four, range five, east, containing seventy-nine acres and eighty-two hundredths of an acre ; and the east half of the north east quarter of section seven, township four, range five, east, containing seventy-nine acres and eighty-seven hundredths of an acre—all in the district of lands subject to sale at Huntsville, Alabama, and according to the official plat of the survey of the said lands returned to the general land office of the surveyor general—together with all the rights, privileges, immunities and appurtenances, of whatsoever nature thereunto belonging.

Plaintiff also proved a demand of the premises before suit brought, and then offered to read to the jury a survey of the lands claimed in the declaration, made by the county surveyor, proven by him ; and also offered parol proof by said surveyor of the facts contained in said survey, which was objected to by defendant, and the objection overruled, and the evidence went to the jury.

The defendant then offered to prove, that in eighteen hundred and twenty-nine, he, as well as plaintiff, lived upon and cultivated the tracts of land claimed in the declaration—that after the passage of the law allowing pre-emption rights to public lands, and before the entry of the plaintiff, under it, in the land office at Huntsville, plaintiff and defendant made a parol contract, by which it was agreed between them, that defendant should relinquish to plaintiff his said pre-emption right, and let him enter it in his own name, and after such entry, plaintiff was to let defendant have forty acres off the

Cundiff *vs.* Orms.

two tracts, in consideration of such relinquishment by him.    Also in connection with this, a deed of compromise between the parties after the entry, but before the issuance of said patents, to the following effect, to wit, —That Orms was to give to Cundiff thirty-five acres of land, on the west half of the north west quarter of section eight, township four, range five, east, and the same on the east half of the north east quarter of section seven; the lines to be run in such manner as to include Cundiff's houses on one side, and also his improvements —Cundiff was to give Orms the same quantity of land on the other side of the boundary line—that three of the neighbors should run the lines between them, by whose determination they were to abide, and Orms was to execute a lease to Cundiff, for ninety-nine years, of his part of the land, as soon as the lines were run.    This deed was signed and sealed on the twentieth day of April, eighteen hundred and thirty-one.

To this evidence, the plaintiff objecting, the objection was sustained and the evidence rejected,—to which decision of the court, the defendant excepted, &c.

And at the present term of this court, the plaintiff assigned the following errors:

1. The court erred in receiving the testimony objected to.

2. The court erred in rejecting the testimony offered.

*Robinson,* for plaintiff in error.
*Hopkins & Parsons,* contra.

Cundiff *vs.* Orms.

COLLIER, C. J.—In respect to the rejection of the agreement between the parties, it was determined, when this case was here two years ago, that such an agreement was opposed to the letter as well as the spirit of the act of Congress under which the entry of the lands was made. That act having declared "that all assignments and transfers of the right of pre-emption given prior to the issuance of the patents, shall be null and void;" no interest vested or was confirmed in the land by force of the agreement. Had the agreement been posterior in date, to the supplementary act of eighteen hundred and thirty-two, which repealed the inhibition of the right to make transfers and assignments, the case might have been different. To S. P. McElyea vs Hayter, (2 Porter R. 148.)

There certainly was no legal objection to the admission of the evidence of a survey, as proved by the surveyor, or of his parol evidence explanatory of it. Parol testimony was admissible to prove the lines, as well as the part of the land occupied by the plaintiff in error: and if in giving evidence of these facts, it was desirable to make his testimony more intelligible to the jury, it was clearly permissible to use a plat of the land for that purpose, as well as to refresh his memory by reference to it, as a *memorandum* made by himself.

There is no error in the matters assigned, and the judgment is therefore affirmed.